UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

DANNY ABOSCH,

Plaintiff,

-against-

VITAL THEATRE COMPANY, INC. and
STEPHEN SUNDERLIN,

Defendants.

Case No. 1:25-cv-04522

**STIPULATED PROTECTIVE ORDER**

This matter having come before the Court by stipulation of plaintiff Danny Abosch ("Abosch" or "Plaintiff"), and defendants Vital Theatre Company, Inc. ("Vital") and Stephen Sunderlin ("Sunderlin") (together with Vital, the "Defendants"), the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

1

2. Either party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(b) "Producing party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c) "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as Confidential Information. The Receiving party and the Producing party will then meet and confer

2

within three (3) business days of the Receiving party's notice to attempt to resolve the objection without involvement of the Court.  If the Receiving party and the Producing party cannot resolve the objection within five (5) business days of when the objection was served on the Producing party, or reach an impasse before then, the Receiving party may then move the Court to change  the designation. The subject discovery materials will remain subject to the Producing party's confidentiality designation until the Court rules on the motion.

5. Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

a. personnel of plaintiff or defendant actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

b. counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel and litigation support personnel (including external contractors) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other

3

proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

d. the Court and court personnel;

e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

f. trial and deposition witnesses; and

g. any other person agreed to by the parties.

6. Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Outside counsel for the Receiving party will keep a copy in their files of each such acknowledgement and agreement to be bound until at least sixty (60) days after the final termination of this litigation, including all appeals.

8. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, and the parties cannot resolve any disputes over the disclosure of Confidential Information between themselves, the parties may seek a conference with the Court.

4

9. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof.

10. A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

11. A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with reasonable advance notice of its intentions; in the event the parties cannot resolve the issues, the parties may seek a conference with the Court.

12. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

13. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

14. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

15. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

16. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Civil Practice Law and Rules or other applicable law.

17. This Stipulation shall continue to be binding after the conclusion of this litigation except

(a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal as allowed by order of the Court); and

(b) that a party may seek the written permission of the Producing party or further order of the Court with respect to dissolution or modification of any the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

18. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

19. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for

this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

20. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

21. The production of documents or information that is attorney-client privileged, attorney work product, or otherwise protected from disclosure is not a waiver of the privilege or protection from discovery in this litigation or in any other proceeding. The Parties agree there is no need to demonstrate that the disclosure was inadvertent or that reasonable steps were taken to prevent such disclosure. This Order will be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). If, during the course of this litigation, a Producing Party produces a document or information that the Producing Party later claims to be attorney-client privileged, attorney work product, or otherwise protected from disclosure, the Producing Party may give written notice to the Receiving Party of the claim and the basis for it. After being notified, the Receiving Party must promptly destroy the specified document or information and any copies, notes, quotations, or summaries of it, and must take reasonable steps to retrieve the information if the Receiving Party disclosed it to others before being notified. The Producing Party must promptly provide, for any document or item of information, identified pursuant to this Section, the information set forth in Local Civil Rule 26.2(a), or information in a format agreed to by the Parties as sufficient for assessing a claim of attorney-client privilege, attorney work product, or other protection from disclosure. By destroying the specific document or information, the Receiving Party does not waive or

8

in any way prejudice any motion it may make to challenge the privilege claim and

compel the production of it (although the Receiving Party may not use any details and

information it might have learned from reviewing the privileged information in its

subsequent challenge of the Producing Party's privilege claim).

Dated: February 12, 2026
     New York, NY

                     FIRESTONE GREENBERGER PLLC
                     *Attorneys for Plaintiff Danny Abosch*

                      /s/ Jordan Greenberger

                     Jordan Greenberger (jg@firegreenlaw.com)
                     Callie J. Kramsky (ck@firegreenlaw.com)
                     104 West 40th Street, 4th Floor
                     New York, NY 10018
                     (212) 597-2255

Dated: February 12, 2026
     New York, NY

                     BAKER HOSTETLER LLP
                     *Attorneys for Defendants*

                      /s/ Justin L. Ormand

                     Justin L. Ormand
                     45 Rockefeller Plaza
                     New York, NY 10111
                     (212) 589-4200
                     jormand@bakerlaw.com

This stipulation does not bind the Court or any of its personnel.
The Court can modify this stipulation at any time.  The Court
will retain jurisdiction over the terms and conditions of this
agreement only for the pendency of this litigation.

Dated:    February 13, 2026        SO ORDERED.
         New York, New York

                              *Katherine Polk Failla*

                     HON. KATHERINE POLK FAILLA
9               UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANNY ABOSCH,<br><br>                                     Plaintiff,<br><br>            -against-<br><br><br>VITAL THEATRE COMPANY, INC. and<br>STEPHEN SUNDERLIN,<br><br><br><br>                                     Defendants. | Case No. 1:25-cv-04522<br><br>**AGREEMENT WITH RESPECT<br>TO CONFIDENTIAL MATERIAL** |

I, _____, state that:

1.  My address is _____.

2.  My present employer is _____.

3.  My present occupation or job description is _____.

4.  I have received a copy of the STIPULATED PROTECIVE ORDER (the "Stipulation") entered in the above-entitled action on _____.

5.  I have carefully read and understand the provisions of the Stipulation.

6.  I will comply with all of the provisions of the Stipulation.

7.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8.  I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.  I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____   Signature:_____

10